### JAMES JONES *v.* DANIEL COZATT, ET AL.

**Diligence in Bringing Suit.**

> In bringing a suit one is only required to use that degree of diligence that one of ordinary prudence would have exercised under the same circumstances, and where process was placed in the hands of the sheriff for service nineteen days before the beginning of a session of court and the defendant lived only six or seven miles from the county seat, such plaintiff cannot be charged with a lack of diligence in beginning the action.

APPEAL FROM WASHINGTON CIRCUIT COURT.

April 13, 1876.

OPINION BY JUDGE PRYOR:

The instructions given by the court below in behalf of the appellees are erroneous. The obligor lived not more than six or seven miles from the county seat at the time the process was placed in the hands of the sheriff, and there was no reason to apprehend that he would evade its service; and the sheriff, by the exercise of any sort of diligence, could have found the defendant so as to have served the summons in time for judgment at the succeeding term of the court. It was placed in his hands nineteen days before the commencement of court. Nor does the fact that the appellant was told by the appellees on the day of the assignment that he must sue at once increase the degree of diligence required, as it constituted no part of the agreement by which the assignment was made or the note accepted.

The appellant was only required to use that degree of diligence that one of ordinary prudence would have exercised under the same circumstances. If the appellees had held the note, there is nothing in the record indicating a necessity for any greater haste in bringing the action in order to have enabled them to make their money, and no prudent man would have exercised, or at least ought not to be required to exercise a greater degree of diligence than is shown to

have been practiced in this case. In the case of *McMurray v. Wood,* it was adjudged that eight days was a sufficient time to allow for service when the defendant resided only six or seven miles off, was in the county, and showed no disposition to avoid the service. This case presents the same facts and shows the same character of diligence.

In the case of *Hays v. Patton,* the defendant in the action lived a much greater distance from the county seat, and there was only four or five days in which to serve the process. It was at a season of the year when the roads were in bad condition and the accumulation of process in the sheriff's hands in a county so large and mountainous as Greenup were facts that the assignee of the note should have considered, and that the sheriff, in view of his duty to others, would probably be unable to serve personally a summons on a party residing at such a distance from the court house. The attorney in this case had made a memorandum on the book of the clerk, giving general directions to issue executions on the judgment in which he was interested, and as said by this court in the case of *Clarke v. Prentice and Weissinger,* 3 B. Mon. 584, he had a right to expect its observance by the clerk; and although the clerk may not have expedited the business of his office as much as he might have done, there was no such failure in this respect as called for the interposition of the plaintiff or his attorneys, if indeed that could have availed anything. In that case the judgment was rendered on the 11th of December, 1839, and the execution did not issue until the 10th of January, 1840. In the present case the judgment was rendered on the 17th of March, 1871, and the execution was placed in the hands of the sheriff on the 22d of April, 1871.

Nor ought the appellant to be prejudiced by the error of the court below in adjudging that it was proper to render a judgment upon the note made by the clerk of the execution and return of the summons, in the absence of proof that the summons had been returned and lost. It was a question about which able counsel might differ, as seems to have been the case here. Nor is it any defense to the action, after a return of nulla bona, that the defendant had property, unless it also appears that the assignee knew the fact. *Luman v. Neete,* 3 B. Mon. 165. For the reasons indicated the judgment is *reversed* and cause remanded with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.

*James S. Ray, L. R. Thurman, for appellant.*
*Brown & Lewis, for appellees.*